ALEXANDER & MENTLO *v.* J. K. JENNINGS.

EVIDENCE. Where personal property is levied upon under an execution in favor of A. & M. as the property of H., the declarations of H. before and subsequent to the levy when not in the actual possession of the property, as to the ownership thereof, are not admissible against J. in an aciion by him against A. & M. to recover damages for the conversion of the same.

FROM SUMNER.

Appeal in error from the Circuit Court of Sumner county. Jo. C. STARK, J.

J. J. VERTREES for Alexander.

HEAD BROS. for Jennings.

DEADERICK, C. J., delivered the opinion of the court.

Defendant in error sued plaintiffs in error for the value of a mare and some cotton sold at their instance, upon an execution in their favor, against H. M. Jennings. He recovered a judgment in the circuit court, and defendants below appealed.

The errors complained of are, improperly admitting and rejecting evidence on the trial.

The theory of the defendants below is, that the property levied on belonged to H. M. Jennings, the father of the plaintiff below.

One witness for the plaintiff stated that he applied

in 1873, March or April, to old man Jennings to buy the mare levied on, "and he referred him to plaintiff." This was admitted over the objection of defendants. The objection to testimony is, that the declarations of the father could not be proved in a controversy with his son.

But there is no declaration of the father either disclaiming title in himself, or asserting it to be in his son. This reference might have been without reference to where the title was. In strictness it perhaps ought not to have been admitted, but it amounted to nothing as proof of title and could not have influenced the jury.

Defendant below also offered to prove that he went to see H. M. Jennings to whom he had rented a farm, about giving it up, and had conversations with him upon this subject. And in these conversations H. M. Jennings claimed the property on the place, the crops planted and to be planted, and did not intimate that J. K. Jennings was interested in the place for that year. This evidence was rejected, and we think properly. H. M. Jennings was not a party to the suit, and his declarations were not admissible to prejudice the rights of J. K. Jennings, it not appearing that H. M. Jennings was then in the actual possession of the articles sued for in this case.

The letter of H. M. Jennings to his landlord Hall, was also properly rejected as evidence, as it purports to speak only of his unwillingness to surrender the possession of the land until the termination of his lease, and his reasons for it. It was irrelevant, and

as a declaration against the rights of J. K. Jennings to the mare and cotton inadmissible.

Defendants below also offered to prove that H. M. Jennings claimed the mare at the time, or previous to the levy and sale.    Defendants had been allowed to prove that said H. M. had claimed the mare, or at least what he had said at the time of the levy, but the offer to prove what he said previously to the levy was properly rejected.

No exception was taken to the charge of the court, it not appearing in the record.

The jury found for the plaintiff, and there is evidence to sustain the verdict, and there being no error in the record for which the judgment should be reversed, the same is affirmed.